## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MATTHEW K. DOWNING, On His Behalf And On Behalf Of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> GLOBE DIRECT LLC, <br><br> Defendant. | Civil Action No. _____ |

## **CLASS ACTION COMPLAINT**

INTRODUCTION

　　1.　　This is a class action brought by the Plaintiff, Matthew K. Downing, against the Defendant, Globe Direct LLC, a Delaware Limited Liability Company, arising out of the Defendant's past and continuing violations of the Drivers Privacy Protection Act ("DPPA"), 18 U.S.C. § 2721, *et seq.*

　　2.　　The DPPA was enacted by Congress to restrict the use of personal information of motor vehicle owners obtained by State motor vehicle bureaus during the motor vehicle registration process. The restricted personal information includes the names and addresses of the motor vehicle owners. 18 U.S.C. § 2725(3). Congress prohibited the use of the personal information, including the names and addresses of the motor vehicle owners, for any purpose other than the specific "permitted uses" set forth in §§ 2721(b)(1) – (14) of the statute.

　　3.　　Beginning in or about January 2009, the Defendant has been obtaining the names and addresses of Massachusetts motor vehicle owners from the Massachusetts Registry of Motor

Vehicles ("RMV") and has been using those names and addresses to send unsolicited junk mail to the Plaintiff and millions of other non-consenting motor vehicle registrants. In obtaining and using that protected personal information for a purpose and in a manner that is not one of the "permitted uses" specified in §§ 2721(b)(1) – (14) of the DPPA, the Defendant has violated and continues to violate §§ 2721(a)(1) and 2724(a) of the DPPA.

4. Plaintiff brings this case as a class action, pursuant to Rules 23(a), (b)(1) and (2), F. R. Civ. P., on behalf of himself and all similarly situated non-consenting motor vehicle registrants whose names and addresses have been obtained by Globe Direct from the RMV and whose names and addresses have then been used by Globe Direct to mail to them commercial advertisements. The Plaintiff also brings this action on behalf of all non-consenting persons whose vehicles are registered with the RMV and whose personal information will be obtained by Globe Direct from the RMV and used by Globe Direct to mail them commercial advertisements, unless Globe Direct is enjoined from doing so by this Court in this action. All of those persons are hereinafter sometimes referred to herein as the "Class Members."

5. In this action Plaintiff seeks a declaratory judgment that the Defendant's use of the protected personal information of the Plaintiff and the members of the Class violates the DPPA; and seeks a permanent injunction, enjoining the Defendant from continuing to use the protected personal information of the Plaintiff and the members of the Class in violation of the DPPA.

PARTIES

6. The Plaintiff, Matthew K. Downing (the "Plaintiff" or "Downing"), is a resident of the Commonwealth of Massachusetts.

7.     The Defendant, Globe Direct LLC (the "Defendant" or "Globe Direct"), is a Limited Liability Company, organized pursuant to the laws of the State of Delaware.

JURISDICTION AND VENUE

8.     This Court has jurisdiction over this action pursuant to Section 2724(a) of the DPPA, 18 U.S.C. § 2724(a) and 28 U.S.C. § 1331.

9.     Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(1) because the Defendant Globe Direct LLC, the sole defendant in this action, as a Delaware Limited Liability Company, is subject to the personal jurisdiction of this Court, and hence, pursuant to 28 U.S.C. §1391(c), is a resident of State of Delaware.

FACTUAL ALLEGATIONS

10.     The Plaintiff is the owner of a 1998 Toyota that he has registered with the RMV. In so registering his car, the Plaintiff provided the RMV with his name and address. In or about May 2009, the Plaintiff received a mailing that had been printed and mailed to him by the Defendant Globe Direct. Globe Direct obtained the Plaintiff's name and address, which it used to effect that mailing, from the RMV. The mailing was a bulk distribution of marketing or solicitations containing several commercial advertisements, including advertisements for "Bath Fitter – One-Day Bath Remodeling," Jiffy Lube, NTB, and AAA. Copies of those advertisements are attached hereto as Exhibit A.

11.     Section 2721(b)(12) of the DPPA permits the use of DPPA protected personal information:    "For bulk distribution for surveys, marketing or solicitations **if the State has obtained the express consent of the person to whom such personal information pertains**." (Emphasis added).    Pursuant to Section 2725(3), "express consent" means "consent in writing."

12. The Plaintiff has never given the RMV his consent, in writing or otherwise, to use his DPPA protected personal information to distribute to him surveys, marketing or solicitations.

13. Since on or about January 2009, Globe Direct has been using the names and addresses of the Class Members which it obtained from the RMV to mail commercial advertisements to millions of non-consenting motor vehicle registrants. Those commercial advertisements have been for a variety of products and services including, for example, "WOW Work Out World," 1-800 East West Mortgage Co, Serafina Restorante and www.800basements.com. Copies of those advertisements are attached hereto as Exhibit B.

14. On information and belief, only a *de minimis* number of those persons, if any, have given the RMV their written consent, pursuant to § 2721(b)(12), for their DPPA protected personal information, including their names and addresses, to be used to distribute to them surveys, marketing or solicitations.

15. Sections 2721(a)(1) and 2724(a) of the DPPA prohibit the Defendant (a "person" as that term is defined in § 2725(2) of the DPPA) from obtaining or using DPPA protected personal information for any purpose other than the "permitted uses" specified in §§ 2721(b)(1) – (14) of the statute.

16. Use of the DPPA protected personal information to send the Plaintiff and the Class Members commercial advertisements is not a "permitted use" specified in §§ 2721(b)(1) – (14) of the statute. In fact, as stated above, § 2721(b)(12) of the DPPA expressly provides that DPPA protected personal information may be used: "For bulk distribution for surveys, marketing or solicitations **[only] if the State has obtained the express consent of the person to whom such personal information pertains**." (Emphasis added).

4

17.     Since neither the Plaintiff nor the Class Members have given the RMV their express consent to the use of their DPPA protected personal information to send them commercial advertisements, the Defendant's obtaining and using their DPPA protected personal information to send them commercial advertisements was a past and continuing violation of §§ 2721(a)(1) and 2724(a) of the DPPA by the Defendant.

18.     The Defendant's obtaining and using the DPPA protected personal information of the Plaintiff and the Class Members to send the Plaintiff and the Class Members commercial advertisements is pursuant to a regular, ongoing practice of the Defendant.  The Defendant will continue to obtain and use the DPPA protected personal information of the Plaintiff and the Class Members to send them commercial advertisements, in violation of the DPPA, unless the Defendant is permanently enjoined from continuing to do so by this Court in this action.

CLASS ACTION ALLEGATIONS

19.     Plaintiff brings this case as a class action, pursuant to Rules 23(a), (b)(1) and (2), F. R. Civ. P., on behalf of himself and all similarly situated non-consenting motor vehicle registrants whose names and addresses have been obtained by Globe Direct from the RMV and whose names and addresses have then been used by Globe Direct to mail to them commercial advertisements.  The class also includes all non-consenting persons whose vehicles are registered with the RMV and whose personal information will be obtained by Globe Direct from the RMV and used by Globe Direct to mail them commercial advertisements, unless Globe Direct is enjoined from doing so by this Court in this action.  All of those persons are sometimes referred to herein as the "Class Members."

20.     Excluded from the Class are any persons who, pursuant to § 2721(b)(12) of the DPPA, have given the RMV their express written consent to use their DPPA protected personal

information to distribute surveys, marketing or solicitations to them. Also excluded from the class are any officers, directors or employees of the Defendant or corporate affiliates of the Defendant.

21.     This action is appropriate for certification as a class action because:

a.      the Class, which consists of millions of motor vehicle registrants, is so numerous that joinder of all members is impracticable;

b.      there are questions of law or fact common to the Class, including the following:

i.      whether the Defendant obtained and used, and continues to obtain and use, DPPA protected personal information of the Plaintiff and the Class Members for a purpose and use not permitted under the DPPA;

ii.     whether the Defendant has violated and continues to violate §§ 2721(a)(1) and 2724(a) of the DPPA; and

iii.    whether the Defendant will continue to violate §§ 2721(a)(1) and 2724(a) of the DPPA unless permanently enjoined by this Court in this action;

c.      the Plaintiff's claims are typical of the claims of all Class Members because all such claims arise from the same set of facts regarding the Defendant's obtaining and using DPPA protected personal information from the motor vehicle records of the Plaintiff and the Class Members, for a purpose and use not permitted under the DPPA;

d.      the Plaintiff will fairly and adequately protect the interests of the class;

6

e.      the Plaintiff has retained competent attorneys who are experienced in prosecuting class actions.   The Plaintiff and his counsel have the necessary resources to adequately and vigorously prosecute this class action.   The Plaintiff and his counsel will work diligently to obtain the best possible result for the Class;

f.      prosecuting separate actions by individual class members would create a risk of:

     i.      inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; and/or

     ii.      adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests; and

g.      the Defendant has acted on grounds that apply generally to the Class, so that final injunctive relief and corresponding declaratory relief is appropriate concerning the Class as a whole.

## COUNT I

## FOR RELIEF PURSUANT TO § 2724 OF THE DRIVERS' PRIVACY PROTECTION ACT

22.      The Plaintiff realleges each of the preceding paragraphs.

23.      Section 2724(a) of the DPPA establishes a cause of action for the Plaintiff and the Class Members against the Defendant for the Defendant's violations of the DPPA.   Specifically, §2724(a) provides as follows:

> A person who knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted under this chapter, shall be liable to the individual to whom the information pertains, who may bring a civil action in the United States district court.

24. Since, as alleged herein, the Defendant knowingly obtained and used, and continues to knowingly obtain and use, DPPA protected personal information from motor vehicle records of the Plaintiff and the Class Members, for a purpose not permitted under the DPPA, the Defendant is liable to the Plaintiff and the Class Members.

25. Section 2724(b) of the DPPA sets forth the remedies available to the Plaintiff and the Class Members for the Defendant's past and continuing violations of the DPPA. Those remedies include, but are not limited to, preliminary and equitable relief as the court determines to be appropriate.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

## PRAYERS FOR RELIEF

**WHEREFORE**, the Plaintiff prays this Court:

A. To find that this action is appropriate to be certified as a class action and to certify it as a class action on behalf of the Class Members defined herein.

B. To find and declare that the Defendant's obtaining and using the DPPA protected personal information of the Plaintiff and the Class Members to send them commercial advertisements has violated and continues to violate the DPPA and accordingly that the Defendant is liable to the Plaintiff and the Class Members.

C.    To find that the Defendant's continuing use of the DPPA protected personal information of the Plaintiff and the Class Members to send them commercial advertisements constitutes a continuing violation of the DPPA which will not cease unless and until the Defendant is enjoined by this Court.

D.    To enter a permanent injunction, enjoining the Defendant from using the DPPA protected personal information of the Plaintiff and the Class Members to send them commercial advertisements.

E.    Awarding counsel for the Plaintiff and the Class Members their reasonable attorneys fees and litigation costs reasonably incurred, pursuant to § 2724(b)(3) of the DPPA.

F.    Granting the Plaintiff and the Class Members such other relief as the Court deems necessary and appropriate.

ROSENTHAL MONHAIT & GODDESS, P.A.

By:_____

Norman M. Monhait (#1040)
919 Market Street, Suite 1401
Citizens Bank Center
Wilmington, Delaware  19801
(302) 656-4433
Email:  nmonhait@rmgglaw.com
*Attorneys for Plaintiff*

OF COUNSEL:

SHAPIRO HABER & URMY LLP
Edward F. Haber
Todd S. Heyman
Ian J. McLoughlin
53 State Street
Boston, MA 02109
(617) 439-3939

September 18, 2009