IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MATTHEW K. DOWNING, On His Behalf And On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>GLOBE DIRECT LLC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) C.A. No. 09-693 (JAP)<br>)<br>)<br>)<br>)<br>) |

## ANSWER TO CLASS ACTION COMPLAINT

Defendant, GlobeDirect, LLC (hereinafter, referred to as "GlobeDirect"), through its undersigned counsel, responds as follows to the Class Action Complaint ("Complaint") filed by Matthew K. Downing ("Plaintiff"):

INTRODUCTION

1. GlobeDirect admits that Plaintiff purports to bring this action as a class action, but denies that this lawsuit should be certified as a class action. GlobeDirect admits that it is a Delaware Limited Liability Company. GlobeDirect admits that Plaintiff alleges violations of the Drivers Privacy Protection Act ("DPPA"), but denies that any violation occurred.

2. Paragraph 2 contains legal conclusions to which no factual response is required.

3. On March 3, 2008, the Massachusetts Registry of Motor Vehicles issued a Request for Response ("RFR"). In that RFR, the Massachusetts RMV sought vendors who would mail motor vehicle registration renewal forms where the mailing would be funded by the solicitation and sale of commercial advertising to be inserted into the envelope. A copy of the RFR is attached hereto as Exhibit A. On April 29, 2008, GlobeDirect responded to the RFR, and acknowledged that the Massachusetts RMV program would by funded by the solicitation and

sale of commercial advertising to be inserted into the vehicle registration renewal mailings. A copy of GlobeDirect's Response is attached hereto as Exhibit B. On August 12, 2008, the Massachusetts RMV entered into a contract with GlobeDirect for the mailing of motor vehicle renewal notices along with advertising. A copy of the Contract is attached hereto as Exhibit C. GlobeDirect admits that the Massachusetts RMV provided GlobeDirect with the names and addresses of Massachusetts motor vehicle owners to whom the Massachusetts RMV desired to mail registration renewal forms along with advertising. GlobeDirect admits that, on behalf of the Massachusetts RMV, it included advertising with the registration materials. GlobeDirect denies the remaining allegations in paragraph 3.

4. In response to paragraph 4, GlobeDirect admits that Plaintiff seeks to bring this lawsuit as a class action, but GlobeDirect denies that this lawsuit should be certified as a class action.

5. GlobeDirect admits that Plaintiff seeks a declaratory judgment, but denies that it has violated the DPPA and denies that Plaintiff is entitled to any of the relief requested in the Complaint, declaratory, injunctive, or otherwise, pursuant to any of his theories of recovery.

PARTIES

6. GlobeDirect does not have sufficient knowledge at this time to admit or deny the allegation in paragraph 6 and therefore denies the allegation.

7. GlobeDirect admits that it is a Limited Liability Company organized pursuant to the laws of the State of Delaware.

JURISDICTION AND VENUE

8. GlobeDirect admits the allegations in paragraph 8.

9. GlobeDirect admits that venue exists in the District of Delaware pursuant to 28

U.S.C. § 1391(b)(1). Further answering the same, GlobeDirect states that venue should be changed to the District of Massachusetts for the convenience of the parties and witnesses and in the interest of justice, 28 U.S.C. § 1404(a), because Plaintiff, the putative class, GlobeDirect, the Massachusetts RMV, and all relevant documents and witnesses are in the District of Massachusetts. GlobeDirect further answers that this action is related, as that term is defined by L. R. 3.1(b)(1), to *Kendron v. Imagitas, Inc.*, No. 06-CA-11893-NMG (D. Mass) and *Mathias v. Imagitas, Inc.*, No. 06-CA-12061-NMG (D. Mass), which are class actions filed in the District of Massachusetts against the Massachusetts RMV's previous vendor for the same services. The Judicial Panel on Multidistrict Litigation transferred both *Kendron* and *Mathias* to the Middle District of Florida for coordinated pretrial proceedings, pursuant to 28 U.S.C. § 1407. On December 21, 2009, the Eleventh Circuit affirmed summary judgment in favor of the Massachusetts RMV's prior vendor, with respect to that vendor's contract with Florida. *Rine v. Imagitas, Inc.*, No. 08-14880, 2009 U.S. App. LEXIS 27973 (11th Cir. Dec. 21, 2009).

FACTUAL ALLEGATIONS

10. GlobeDirect does not have sufficient knowledge at this time to admit or deny the allegations in paragraph 10 and therefore denies the allegations.

11. Paragraph 11 contains legal conclusions to which no factual response is required.

12. GlobeDirect does not have sufficient knowledge at this time to admit or deny whether Plaintiff gave prior consent for his personal information to be released to GlobeDirect and therefore denies the allegation in paragraph 12.

13. GlobeDirect admits that the Massachusetts RMV provided names and addresses to GlobeDirect for use in the Massachusetts RMV's program to mail registration renewals along with advertising. GlobeDirect does not have sufficient knowledge at this time to admit or deny

that the copies of documents attached as Exhibit B to the Complaint originate from GlobeDirect. GlobeDirect denies the remainder of the allegations in paragraph 13.

14. GlobeDirect does not have sufficient knowledge at this time to admit or deny whether Plaintiff or any member of Plaintiff's purported class gave prior express consent for their personal information to be released to GlobeDirect. GlobeDirect denies the remainder of the allegations in paragraph 14.

15. Paragraph 15 contains legal conclusions to which no factual response is required.

16. Paragraph 16 contains legal conclusions to which no factual response is required. GlobeDirect further states that Plaintiff inserts, in brackets, the word "only" into its quotation from the DPPA. On December 21, 2009, the Eleventh Circuit explicitly rejected that interpretation of the DPPA.

17. GlobeDirect denies the allegations in paragraph 17.

18. GlobeDirect admits that the Massachusetts RMV sends names and addresses to GlobeDirect as part of the Massachusetts RMV's program. GlobeDirect denies the remainder of the allegations in paragraph 18.

CLASS ACTION ALLEGATIONS

19. GlobeDirect refers to its answer to paragraph 4.

20. GlobeDirect admits that Plaintiff excludes the specified persons from its class definition, but denies that this lawsuit should be certified as a class action.

21. Paragraph 21 and all of its subparts consists of legal conclusions to which no factual response is required.

## COUNT I

## FOR RELIEF PURSUANT TO § 2724 OF THE DRIVERS' PRIVACY PROTECTION ACT

22. GlobeDirect incorporates the answers to each of the proceeding allegations into this paragraph as if fully set forth herein.

23. GlobeDirect denies the allegations in paragraph 23.

24. GlobeDirect denies the allegations in paragraph 24.

25. GlobeDirect denies the allegations in paragraph 25.

26. GlobeDirect denies any allegation not specifically admitted above.

## PRAYERS FOR RELIEF

GlobeDirect denies that Plaintiff is entitled to any of the relief requested in the Prayers for Relief, including all of its subparagraphs.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's civil action should be transferred to the Unites States District Court for the District of Massachusetts for the convenience of parties and witnesses and in the interest of justice.

3. Plaintiff's claims are barred because GlobeDirect's acts are protected by the doctrines of qualified immunity, sovereign immunity, privilege, and/or the Eleventh Amendment to the United States Constitution.

4. Plaintiff's claims are barred because the Commonwealth of Massachusetts is a necessary and indispensable party.

5. Plaintiff's claims and/or those of the putative class members are barred because such information was obtained, disclosed, and used as permitted by the DPPA.

6. GlobeDirect's activities at issue are protected by the First Amendment to the United States Constitution.

7. Plaintiff's claims and/or those of the putative class members are barred by the doctrines of waiver and estoppel.

8. Plaintiff's claims and/or those of the putative class members are barred by the doctrine of laches.

9. The Complaint is not suitable for class certification under Rule 23.

10. Plaintiff and/or the putative class members lack standing to assert the claims in the Complaint.

11. GlobeDirect is entitled to any setoffs or reductions in damages arising from any benefit obtained by Plaintiff as a result of GlobeDirect's acts.

12. GlobeDirect reserves the right to set forth any additional defenses as may be relevant based on discovery in this case.

## PRAYERS FOR RELIEF

WHEREFORE, having fully responded to Plaintiff's Class Action Complaint, GlobeDirect prays as follows:

a. that the Court enter a judgment dismissing the Complaint and all claims stated therein with prejudice and discharging GlobeDirect from all liability;

b. that all costs of this action be taxed against Plaintiff; and

c. that the Court award GlobeDirect such other and further relief as it may deem just and proper.

-7-

|  |  |
|---|---|
| Dated: February 2, 2010 | /s/ Stephen M. Ferguson<br>Chad M. Shandler (#3796)<br>shandler@rlf.com<br>Stephen M. Ferguson (#5167)<br>ferguson@rlf.com<br>Richards, Layton & Finger, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, Delaware 19801<br>(302) 651-7700<br>*Attorneys for Defendant Globe Direct, LLC* |

## CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2010, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I further certify that I caused copies of the foregoing to be served in the manner indicated to:

### VIA HAND DELIVERY AND E-MAIL

Norman M. Monhait
Rosenthal Monhait & Goddess, P.A.
919 North Market Street, Suite 1401
Citizens Bank Center
Wilmington, DE 19801
nmonhait@rmgglaw.com

### VIA E-MAIL

Edward F. Haber
Shapiro Haber & Urmy LLP
53 State Street
Boston, MA 02109
ehaber@shulaw.com

/s/ Stephen M. Ferguson
Stephen M. Ferguson (#5167)
ferguson@rlf.com

RLF1 3530139v.1